## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ALEXANDRO DISHMEY-FIGARO,

    Petitioner,

             v.                                         CIVIL NO. 15-2060 (PAD)

NICANOL CARO, et al.

    Defendants.

### MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is respondent César R. Miranda's "Motion to Dismiss Writ of Habeas Corpus" (Docket No. 9), predicated in part on petitioner's failure to exhaust all administrative remedies available under Puerto Rico law. Petitioner opposed (Docket No. 16).   For the reasons that follow, the motion to dismiss is granted, and the petition dismissed.

The petitioner, Alexandro Dishmey, brought a *pro se* petition under 28 U.S.C. § 2254 for relief from sentencing by the San Juan Part of the Puerto Rico Court of First Instance, alleging that the sentence of imprisonment was imposed in violation of his constitutional rights (Docket No. 1 at Section 12).[1]

A petition for writ of habeas corpus may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus under said section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See, O'Sullivan v.

---

[1] Defendant is under the custody of the Department of Corrections and Rehabilitation of Puerto Rico, serving a sentence for the charges of first degree murder, kidnapping, conspiracy and violation of the Puerto Rico Weapons Act.

Boerckel, 526 U.S. 838, 839 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust state remedies in Puerto Rico, a petitioner seeking a writ of habeas corpus must first exhaust his remedies under Rule 192.1 of Criminal Procedure, P.R. Laws Ann. tit. 34, App. II, R. 192.1 (2004), by filing a motion in the trial court that sentenced him.  A Rule 192.1 motion "may be filed at any time." Id.  If this motion is denied, the order is subject to review by the Puerto Rico Court of Appeals, and subsequently by the Supreme Court of Puerto Rico.  Once a prisoner has exhausted Rule 192.1, he may file a habeas corpus petition before the Court of First Instance or directly before the Supreme Court of Puerto Rico. P.R. Laws Ann. tit. 34 § 1743. The exhaustion requirement was designed to reduce friction between the federal and state systems and provide state courts with the opportunity to "pass upon and correct alleged violations of prisoners' federal rights." Contreras v. Somoza, 113 F.Supp.3d 527 (D.P.R. 2015) (quoting Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).

Here, respondents contend – and petitioner seems to agree (Docket No. 16 at pp. 3-4) – that the habeas corpus petition presents unexhausted claims, making it a "mixed petition."  Moreover, the record confirms that petitioner was given the opportunity to present *all* current grounds for relief in state court, did not present all of them, and failed to present any reasons for not doing so.[2] In those cases, the district court must dismiss the entire petition until all grounds for relief are

---

[2] In fact, to date, petitioner has filed two motions under Rule 192.1 (one in 2005 and another in 2014).

exhausted. <u>Gonsalves</u> v. <u>Thompson</u>, 396 F.Supp.2d 36, 43 (D.Mass.2005) (<u>citing</u> <u>Rose</u> v. <u>Lundy</u>, 455 U.S. at 510 (1982).[3]  With that in mind, respondent's motion to dismiss at Docket No. 12 must be granted.   So the petition at Docket No. 3 is DISMISSED.   Judgment shall be entered accordingly.

       **SO ORDERED**.

       In San Juan, Puerto Rico, this 21st day of June, 2016.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[3] The court is aware that in some cases of mixed petitions, there are grounds for a "stay and abeyance" of proceedings under limited circumstances, not present here. <u>Rhines</u> v. <u>Weber</u>, 544 U.S. 269, 277 (2005); <u>Gonsalves</u>, 396 F.Supp.2d at 43. In fact, the petitioner has not requested a stay and abeyance.